# PAPPALARDO & PAPPALARDO, LLP
## ATTORNEYS AT LAW

JOHN J. PAPPALARDO
JOHN D. PAPPALARDO

700 WHITE PLAINS ROAD
SUITE 355
SCARSDALE, NEW YORK 10583

TELEPHONE: 914-725-7000
FACSIMILE: 914-725-1700
WWW.PAPPALARDOLAW.COM

OF COUNSEL

* ALSO ADMITTED IN NJ

ANGELO G. MACDONALD *
JOSEPH M. ALBANESE
SIMON J. LINCOLN
PETER W. DENGLER
JOHN P. DEVANEY
ALBERT CORNACHIO III
EDWARD D. BURKE, JR.

January 30, 2012

Hon. Kiyo A. Matsumoto
United States District Court
Eastern District of New York
226 Cadman Plaza East
Brooklyn, NY 11201

Re: <u>United States v. Jack Rizzocascio</u>
Docket # 11-CR-30 (KAM) 29
Pre-Sentencing Memorandum

Dear Judge Matsumoto:

  Our office represents Jack Rizzocascio in the above-referenced matter. On July 22, 2011, Mr. Rizzocascio pled guilty before Your Honor to Count 1 of the indictment (Racketeering Acts 14 and 24), charging a violation of 18 USC §§ 1962(d) and 1961(5). Mr. Rizzocascio is scheduled for sentencing before Your Honor on February 23, 2012.

  Based upon an adjusted total offense level of 16 and a Criminal History Category of I, the advisory range from the guidelines is 21 to 27 months. Further, the parties have entered into a plea agreement whereby the Government has agreed to take no position concerning where within the Guidelines range determined by the Court the sentence should fall, and will make no motion for an upward departure under the Guidelines (*see*, Rizzocascio Plea Agreement, page 9, paragraphs 12-b and 12-c).

  This memorandum is submitted in support of Mr. Rizzocascio's request for a sentence of probation, pursuant to the Court's authority under *United States v. Crosby*, 397 F.3d 103 (2d. Cir. 2005), *United States v. Booker*, 125 S.Ct. 765 (2005), and *Gall v. United States*, 552 U.S. 38 (2007). Additionally, 18 USC § 3553(a) sets forth factors to be considered by Your Honor when imposing a sentencing including. Once Your Honor considers all of the 18 USC § 3553(a) factors as they relate to Mr. Rizzocascio, these factors undoubtedly will support a sentence of probation.

### I. The Guidelines Range

The Probation Department has determined that the adjusted offense level is 18, the defendant is in Criminal History I, and the advisory Guidelines range of imprisonment is 27 to 33 months (Presentence Investigation Report, paragraphs 45, 49, and 78). The defense does not object to this Guideline determination.

However, it is Mr. Rizzocascio's understanding that the government is prepared to move for an additional 2 level reduction as part of a global disposition pursuant to USSG Section 5K2.0. This caveat was memorialized in the Rizzocascio plea agreement (*see*, Rizzocascio Plea Agreement, page 10, paragraph 14). If the Court accepts and grants the additional 2 level reduction, then the adjusted offense level will be 16 and the advisory Guidelines range of imprisonment will be 21 to 27 months.

### II. Sentence of Probation is Appropriate

Based upon the facts and circumstances of the instant offense and the factors set forth in 18 USC § 3553(a), a sentence within the adjusted Guidelines range (21 to 27 months) would not be appropriate in this case, but rather a sentence of probation would be a more appropriate sentence in this matter.

### III. The Nature and Circumstances of the Offenses

Mr. Rizzocascio was charged with Count 1 (Racketeering Conspiracy) Racketeering Act 14 (Marijuana Distribution Conspiracy/Marijuana Distribution) and Racketeering Act 24 (Extortionate Extension/Collection of Credit).

Count 1 charges that between June 1991 and January 2011, the named defendants – including Mr. Rizzocascio – together with others conspired to violate 18 USC §§ 1962(d) and 1961(5), the Racketeering Acts set forth in 14 and 24. Racketeering Act 14 charges that in 2006, Mr. Rizzocascio, together with others, (a) conspired to distribute and possessed with the intent to distribute marijuana in violation of 21 USC §§ 841(a)(1) and 846; and (b) distributed and possessed with intent to distribute marijuana in violation of 21 USC § 841(a)(1). Racketeering Act 24 charges that, between June 2008 and September 2009, Mr. Rizzocascio and other named defendants, together with others (a) conspired to make one or more extortionate extensions of credit in violation of 18 USC § 892(a); (b) made one or more extortionate extensions of credit in violation of 18 USC § 892(a); (c) conspired to participate in the use of extortionate means to collect and attempt to collect one or more extensions of credit in violation of 18 USC § 892(a)(1); and (d) participated in the use of extortionate means to collect and attempt to collect one or more extensions of credit in violation of 18 USC § 892(a).

Mr. Rizzocascio's involvement in the marijuana conspiracy consisted of receiving packages containing marijuana. His role in the extortion involved collecting extortion payments on behalf of other Colombo crime family members.

### IV. The Defendant's History and Characteristics

Mr. Rizzocascio is 34 years old and resides in Brooklyn with his mother, Lisa, in the home where he has lived his entire life. His grandparents, John and Adele Celentano, own the home, and they reside in the home on the first floor. Mr. Rizzocascio's father, Phillip, also lives

# PAPPALARDO & PAPPALARDO, LLP
## ATTORNEYS AT LAW

in Brooklyn, although his parents separated in September 2011. Mr. Rizzocascio has a sister, Valerie, who lives in Brooklyn with her husband and two children.

Mr. Rizzocascio held various jobs after graduating from New Utrecht High School in 1997. He worked minimum wage jobs, including working at a restaurant, a deli, and a cosmetic company stocking shelves. He also worked for several years at a company who customized limousines. He attended DeVry institute in 2001 but did not complete a degree there.

Beginning in 2004, Mr. Rizzocascio was employed in the concrete union in Flushing, New York. However, in 2008, Mr. Rizzocascio was injured in a work-related accident. A crane collapsed onto him, which injured his right shoulder and left knee. He has been on disability since May of 2008 and is currently receiving Social Security benefits.

Since this accident, Mr. Rizzocascio continues to be disabled, as he has little use in his right arm. He also suffers from numbness, pain, and psychological side effects. He suffers from post-traumatic stress disorder, depression, and anxiety, and he continues to see a psychiatrist and a psychologist.

Mr. Rizzocascio has never married and he has no children, but he maintains a close relationship with his parents, grandparents, and his sister and her family. Mr. Rizzocascio's family is aware of the conviction and the circumstances surround it, yet they remain supportive and request leniency from Your Honor at sentencing.

IV. <u>The Need to Avoid Unwanted Sentence Disparities; 18 USC § 3553(a)(6)</u>

Other defendants charged under this indictment have been sentenced to various terms of probation, rather than receive sentences of incarceration. As such, a sentence of probation for Mr. Rizzocascio is warranted in order to avoid an unwarranted sentencing disparity.

V. <u>The Need to Provide Restitution to Any Victims of the Offense; 18 USC § 3553(7)</u>

Per the plea agreement between the defendant and the Government, the defendant agreed that he owns property subject to forfeiture as a result of his participation in racketeering activities, and he has consented to forfeit $44,000 (*see*, Rizzocascio Plea Agreement, page 5, paragraph 5).

However, upon submission of the financial affidavit, it will be clear to the Court that Mr. Rizzocascio has no assets. He lives with his mother in a home owned by his grandparents, as he is financially unable to live on his own. He receives only $1,295 per month in Social Security benefits, and he is unable to work because of his physical and psychological disabilities. As such, the defense respectfully requests that Mr. Rizzocascio be allowed to execute a Forfeiture Money Judgment since he does not have the funds to pay at the present time because he is currently destitute.

**PAPPALARDO & PAPPALARDO, LLP**
ATTORNEYS AT LAW

VI. <u>Other 18 USC § 3553(a) Sentencing Factors</u>

The maximum term of imprisonment is 20 years, and the minimum is 0 years. 18 USC § 1963(a). A sentence of probation in this case is also appropriate to reflect the seriousness of the offense, promote respect for the law, and provide just punishment. 18 USC § 3553(a)(2)(A).

VII. <u>Letters of Recommendation in Further Support of Mr. Rizzocascio's Request for a Probationary Sentence</u>

The defense has requested letters of support for Mr. Rizzocascio from his family members, friends, and acquaintances. We are anticipating receipt of these letters soon, and will provide them to the Court upon receipt.

VIII. <u>Imposition of Fines at Sentencing</u>

As discussed above, upon submission of the financial affidavit, it will be clear to the Court that Mr. Rizzocascio has no assets. As such, the defense respectfully requests that Mr. Rizzocascio be excused from fines.

W H E R E F O R E, for all the foregoing reasons, the defense respectfully requests that Your Honor impose a sentence of Probation, allow the defendant to execute a Forfeiture Money Judgment, excuse the defendant from fines, and impose a $100.00 special assessment at the time of sentencing.

Thank you in advance for your consideration in this matter.

Very truly yours,

*John D. Pappalardo*

John D. Pappalardo, Esq.
Attorney for Defendant, Jack Rizzocascio

JDP/jks

Cc: Assistant US Attorney Allon Lifshitz
Assistant US Attorney Elizabeth Geddes
US Probation Officer Michelle Espinoza