

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

| | |
|---|---|
| EAG/AL | *271 Cadman Plaza East* |
| F.#2010R00153 | *Brooklyn, New York  11201* |

February 6, 2012

By Hand Delivery and ECF

The Honorable Kiyo A. Matsumoto
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

       Re:  United States v. Jack Rizzocascio
            Criminal Docket No. 11-30 (KAM)

Dear Judge Matsumoto:

     The government respectfully submits this letter in anticipation of sentencing in the above-captioned case, which is scheduled for February 23, 2012.  For the reasons set forth below, the government respectfully asks the Court to impose a sentence of incarceration within the advisory Guidelines range of 21 to 27 months and to impose a fine with the advisory Guidelines range of $5,000 to $50,000.

I.   Background

     On January 12, 2011, a grand jury in the Eastern District of New York returned an indictment charging the defendant and thirty-eight others with a variety of offenses based on their leadership of, membership in and association with the Colombo organized crime family of La Cosa Nostra (the "Colombo family" and "LCN," respectively).  (Docket Entry No. 1.)  The defendant was charged in Count One of the indictment with racketeering conspiracy, including as racketeering acts conspiring to distribute, and distributing, marijuana, in violation of 21 U.S.C. §§ 841(a)(1) and 846 (Racketeering Act ("RA") 14), and conspiring to make and collect, and making and collecting, one or more extortionate extensions of credit, in violation of 18 U.S.C. §§ 892(a) and 894(a)(1) (RA 24).  (Id. ¶¶ 17-18, 50-52, 68-72.)

On January 20, 2011, the indictment was unsealed and the defendant was arrested. (Docket Entries Nos. 2, 68; Presentence Investigation Report ("PSR") ¶ 18.) On July 22, 2011, the defendant pled guilty, pursuant to a plea agreement, to Count One and allocuted to RAs 14 and 24. (Docket Entry No. 477; PSR ¶ 1.)

II. Discussion

The government respectfully submits that a sentence within the advisory Guidelines range is appropriate.

A. Legal Standard

The Sentencing Guidelines are advisory, not mandatory. United States v. Booker, 125 S. Ct. 738, 764-65 (2005). However, the Supreme Court held in Booker that the sentencing court must consider the Guidelines in formulating an appropriate sentence. Id. In Gall v. United States, 552 U.S. 38 (2007), the Supreme Court set forth the procedure for sentencing courts to follow in light of Booker:

> [A] district court should begin all sentencing proceedings by correctly calculating the applicable Guidelines range. As a matter of administration and to secure nationwide consistency, the Guidelines should be the starting point and the initial benchmark.

Gall, 552 U.S. at 49 (citation omitted). Next, a district court should "consider all of the § 3553(a) factors to determine whether they support the sentence requested by a party. In so doing, [the district court] may not presume that the Guidelines range is reasonable. [The district court] must make an individualized assessment based on the facts presented." Id. at 49-50 (citation and footnote omitted).

B. The Guidelines Range Is 21 to 27 Months

The Probation Department has determined that the total offense level is 18, the defendant is in Criminal History Category I, and the advisory Guidelines range of imprisonment is 27 to 33 months. (PSR ¶¶ 25-49, 78.) The defendant has not objected to this determination except to indicate that he understands the government will move for an additional two-level reduction based on a global disposition. (Def.'s Stg. Ltr at 2.)

The government agrees with the Probation Department's determination, except that, as indicated by the defendant, the government is prepared to move for an additional two-level reduction for a global disposition pursuant to U.S.S.G. § 5K2.0. As the Court is aware, the government agreed, in the plea agreement, to recommend such a reduction if all "covered defendants" listed in the plea agreement entered guilty pleas by a certain date and the pleas were accepted by a United States District Judge. Because 28 of the 31 covered defendants have pled guilty, the government hereby moves for the reduction. If the Court grants the reduction, the adjusted offense level will be 16 and the advisory Guidelines range of imprisonment will be 21 to 27 months.

C. <u>A Sentence Within the Guidelines Range Is Appropriate</u>

Based on the factors set forth in 18 U.S.C. § 3553(a), a sentence within the Guidelines range is appropriate in this case.

1. <u>The Nature and Circumstances of the Offense</u>

The defendant has been convicted of participating in a racketeering conspiracy with members and associates of the Colombo family. As part of the racketeering conspiracy, the defendant distributed marijuana with, among others, Dino Saracino, who was a soldier within the Colombo family. (PSR ¶¶ 12-14.) In addition, the defendant participated in the extortionate collection of credit with, among others, co-defendant Theodore Persico, Jr., a captain within in the Colombo family, and co-defendant Anthony Russo, who was then a soldier within the Colombo family. (<u>Id.</u> ¶¶ 15-17.)

Distributing drugs and engaging in loansharking under the auspices of an organized crime family are serious crimes. 18 U.S.C. § 3553(a)(1). First, the Colombo family is a dangerous criminal enterprise that uses violence, including murder, to further its interests. (PSR ¶¶ 6-8.) The defendant was able to participate in and profit from both distributing drugs and loansharking because those businesses were protected by a dangerous criminal enterprise. Second, loansharking inevitably leads to outstanding debts and to violent debt collection. If a crime family's loansharking customer fails to pay a debt, the violent reputation of the crime family enables it to obtain payment by violence or the credible threat of violence. Finally, because illegal drug and loansharking operations allow dangerous criminal organizations such as the Colombo family to earn money, these crimes are necessary for such crimes families' survival.

Indeed, drugs and loansharking are among the primary ways in which organized crime families generate income.

In light of the foregoing, the government respectfully submits that the nature and circumstances of the offenses warrant a sentence within the advisory Guidelines range.

### 2. The Defendant's History and Characteristics

The defendant's history and characteristics also support the imposition of a sentence within the Guidelines range. 18 U.S.C. § 3553(a)(1). The defendant was a close associate of Colombo family soldier Dino Saracino. (Id. ¶ 18.) For example, when Saracino was arrested and incarcerated in June 2008, in connection with Saracino's participation in the affairs of the Colombo family, the defendant and co-defendant Gaetano Gallo assumed responsibility of Saracino's loansharking business by collecting outstanding loansharking debts owed to Saracino. In connection with this activity, the defendant earned a reputation as someone who uses the threat of violence to accomplish the goals of organized crime. These facts suggest that the defendant is a recidivist and is loyal to organized crime. In addition, although the defendant is in Criminal History Category I, he has a criminal record. In particular, he was convicted in 2001 for criminal possession of marijuana, for which he was sentenced to a one-year term of probation. (PSR ¶¶ 47-48.)

### 3. Other Sentencing Factors

A sentence within the advisory Guidelines range is appropriate to reflect the seriousness of the offense, promote respect for the law and provide just punishment. 18 U.S.C. § 3553(a)(2)(A). As noted above, the defendant committed serious crimes that are critical to the success of organized crime families. In addition, by committing these crimes under the auspices of the Colombo family, the defendant has demonstrated that he has little respect for the law.

A sentence within the advisory Guidelines range is also appropriate to afford adequate deterrence to criminal conduct and to protect the public from further crimes of the defendant. 18 U.S.C. § 3553(a)(2)(B) and (C). "Under section 3553(a)(2)(B), there are two major considerations: specific and general deterrence." United States v. Davis, No. 08-CR-332 (JBW), 2010 WL 1221709, at *2 (E.D.N.Y. March 29, 2010). The defendant's prior conviction and sentence of probation did not deter him from committing other crimes, and therefore a sentence within the Guidelines range is needed to satisfy the purposes of specific

deterrence and protecting the public from the defendant's crimes. In addition, a sentence within the advisory Guidelines range is necessary in order to deter others who, like the defendant, are in a position to choose between obeying the law and committing crimes.

### 4. There Is No Risk of an Unwarranted Sentencing Disparity

The defendant argues that "a sentence of probation . . . is warranted in order to avoid an unwarranted sentencing disparity" because "[o]ther defendants charged under this indictment have been sentenced to various terms of probation[.]" (Def.'s Stg. Ltr. at 3.) That argument is misplaced. First, there is no appropriate basis for comparison to this defendant, because no other defendant is charged in RA 14 and the two co-defendants charged in RA 24 (Anthony Calabro and Anthony Russo) have not yet been sentenced.[1] Second, of the two defendants who have been sentenced to probation or time served in this case, Ralph Arpaio had no prior arrests or convictions and was convicted in this case only of possession of contraband cigarettes (i.e., not racketeering conspiracy), and Scott Fappiano had previously served 21 years in prison for a crime he did not commit. Because this defendant has a prior conviction, has been convicted in this case of racketeering conspiracy with two racketeering acts, and has no prior history of unwarranted incarceration, neither Arpaio nor Fappiano is a relevant benchmark.

### D. A Fine Within the Guidelines Range Is Warranted

In addition to a term of imprisonment, the government respectfully submits that a fine within the advisory Guidelines range is also warranted. Because the total offense level is 16, the advisory Guideline range for a fine is $5,000 to $50,000. U.S.S.G. § 5E1.2(c)(3).

The Sentencing Guidelines provide that "[t]he court shall impose a fine in all cases, except where the defendant establishes that he is unable to pay a fine and is not likely to become able to pay any fine." U.S.S.G. § 5E1.2(a) (emphasis added). In this case, as the Probation Department has noted, the

---

[1] In addition, the conduct underlying RA 24 is the basis for Counts Twenty-Four to Twenty-Seven. Neither of the additional co-defendants charged in those counts (Gaetano Gallo and Theodore Persico, Jr.) has been sentenced.

defendant has not established that he is unable to pay a fine. (PSR ¶ 76.)  In addition, the defendant worked regularly from 1999 to May 2008 (in addition to participating in illegal businesses), has received a monthly benefit from the Social Security Administration since May 2008, and lives with his mother, suggesting that he is more than capable of paying a fine. (Id. ¶ 51, 67-69.)  Therefore, a fine within the advisory Guidelines is appropriate and consistent with the applicable statutory purposes of sentencing.  18 U.S.C. § 3572(a).

III. Conclusion

For all of the foregoing reasons, the government respectfully submits that the Court should to impose a sentence of incarceration within the advisory Guidelines range of 21 to 27 months and should impose a fine with the advisory Guidelines range of $5,000 to $50,000.

>Respectfully submitted,
>
>LORETTA E. LYNCH
>United States Attorney
>
>By:      /s/
>Elizabeth A. Geddes
>Allon Lifshitz
>Assistant U.S. Attorneys
>(718) 254-6430/6164

cc: Clerk of the Court (KAM) (by ECF)
    John D. Pappalardo, Esq. (by ECF)
    Roberta Houlton, U.S. Probation Officer (by email)